Sanforb, J.
. This case, which has already been three times before us, is now presented (we hope for the last time,) for our advice in regard to a final decree.
The original contract between these parties -was, that Smith, one of- the respondents, in consideration of the sum of twelve hundred dollars advanced to him by the petitioners and Newman, the other respondent, should go to California, and dig gold there, for the joint benefit of all the contracting parties, for the period of two years, and should from time to time remit to the petitioners and Newman the proceeds of his labor, three quarters of which proceeds were to be held for the benefit of said Smith, and the residue to belong to the petitioners and said Newman. Under that contract Smith, in the month of April,. 1849, commenced digging for gold in the California mines, and for several months prosecuted the business with diligence and assiduity, but not being very successful, and having met with some losses, he became satisfied that he could not pursue that business with profit, and, about the first of January, 1850, by agreement with the ^petitioners, and with [ *470 ] their consent and approbation, he changed his business from that of gold digging to that of lightering, and continued in' said business of lightering in California during-the remainder of said two years, and made thereby the sum of nine thousand dollars ; and the superior court finds, that said sum of nine thous- and dollars was made and procured by said Smith by means of the money advanced to him by the petitioners, and was to be divided between the parties according to the terms of said original agreement; and that while said Smith remained in California, he secretly remitted to said Newman about six thousand dollars of the avails of his -said business, and, after his return from California, secretly placed. in said Newman’s hands the further sum of two thousand dollars, part of said sum c-f nine *384 nine thousand dollars obtained as aforesaid ; the 'deposit of all which money in said Newman’s hands, and his receipt of it, -were by said Smith and Newman designedly concealed from the petitioners, with intent to prevent them from claiming or obtaining any share of said money so obtained by said Smith in said business ; that said Smith, before the commencement of this -suit, had paid to the petitioners the amount which they had advanced to him, and interest thereon, being $1,209.60; and that, at the time of the commencement of this suit, on the first day of February, 1852, “ there remained in the hands of the respondents, of monies belonging to the petitioners so as aforesaid made and procured by said Smith,” eight hundred and fifteen dollars and forty cents.
• .Upon these facts thus found by the superior court, the right of the petitioners to a decree in their favor for the amount so found to be in the respondents’ hands, with interest thereon from said first day of February, 1852, seems to us undeniable.
It is however claimed that, as the whole sum of nine thousand dollars was acquired in a business not contemplated or provided for in the original contract, upon the making of which contract the entire consideration on the part of the petitioners [ *471 ] was advanced to said Smith, the new contract *found to have been made upon the change of said business, was without consideration and therefore void. But, by the terms of the original contract, Smith was bound to continue digging for gold the whole period of two years, whether successful or not. The agreement of the petitioners then, to relinquish their right to his services in gold digging, was a good consideration for his agreement to serve them in the business of lightering instead.
The liability of Newman arises from his fraudulent reception and concealment of the money to which the petitioners were entitled, and his" possession of it at the time the suit was commenced. And, whether he returned it all to Smith his co-conspirator, after the commencement of the suit, or not, is of no importance. The rights and liabilities of the parties to a suit, are fixed and to be determined by the state of facts as they exist when the suit is brought, and one defendant at that time in possession of the subject matter of the litigation, can not exonerate himself from liability by transferring that possession to a co-defendant afterwards.
That the amendment was properly allowed, was determined by this court at a former term. And the allegations introduced by that amendment are now to be taken as part of the original bill, and to have the same effect, in the ultimate determination *385 of the cause, as if they had been originally inserted. Windham v. Litchfield, &c., 22 Conn., 226.
Again, it is claimed that the superior court erred in refusing to the respondents a re-hearing of the whole cause, after the amendment had been made. But we think that a question to be addressed only to the judicial discretion of the superior court. We will however remark with regard to it, that, so far as we can discover, that discretion was exercised by the superior court wisely and properly ; but, whether it was or not, this court has no jurisdiction to revise the decision. It is obvious that whether any, and, if any, to what extent a new hearing was rendered necessary by the amendment, could be ascertained only by an examination of the report of the committee, and an inquiry into the manner in which the former hearing had been conducted before that *committee. Such inquiry [ *472 ] could be made only by the superior court. This court has neither the jurisdiction to make the inquiry, nor the means of making it. See Camp v. Waring, 25 Conn., 528.
The claims of the parties for costs also, must be decided by the superior court. Costs in equity are always discretionary, and are allowed or not, in whole or in part, as the substantial equities of the case require, the court being guided, not by any positive and unyielding rules of law, but by the ever varying circumstances of each particular case. Those circumstances can be, before this court, but partially developed, while before the judge who tries the cause they are necessarily all disclosed, and by him can be duly weighed and justly appreciated. Upon this question, therefore, we forbear to give to the superior court any advice.
The decree of the superior court should be in favor of the petitioners, to recover of the respondents, Smith and Newman, the sum of eight hundred and 'fifteen dollars and forty cents, and interest thereon from the first of February, 1852; the question as to the costs to be decided by the superior court.
In this opinion the other judges concurred.
Decree for plaintiffs advised.