## Jas. S. Prentiss v. Whiting G. Press.

1. PLEADING—*Defense of Gambling.*—A plea setting up the defense of gambling must not be ambiguous.

2. SAME—*Ambiguous Averments.*—The words "in which speculations it was mutually understood" are not in the language of pleading, and fall short of alleging a distinct and express contract between the parties.

**Assumpsit,** on a promissory note. Error to the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed April 13, 1896.

WM. J. TEWKESBURY and JOHN J. McCLELLAN, attorneys for plaintiff in error.

SMITH & ELLIS and D. M. KIRTON, attorneys for defendant in error.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

To an action upon a promissory note the plaintiff in error pleaded:

"And for a further plea in this behalf, the defendant says that the plaintiff ought not to have his aforesaid action against him, the defendant, because he says that the several supposed causes of action in the said declaration mentioned are one and the same, to wit, the supposed cause of action in the said first count mentioned, and not different causes of action, and that the supposed promissory note in the count mentioned was executed and delivered by the defendant to the plaintiff for the several sums of money

Prentiss v. Press.

claimed by the plaintiff to be due to him from the defendant for money lost by the defendant to the plaintiff in speculations on the rise and fall of the market price of wheat and other produce on the board of trade, at Chicago, in said county, in which speculations it was mutually understood by and between the plaintiff and the defendant, there was not to be, and was not in fact, any receipt or delivery of the wheat or other produce, the rise and fall in the market price of which, as aforesaid, was the subject of said speculations, and so the defendant says that the said supposed promissory note was made without any good or valuable consideration; and this the defendant is ready to verify; wherefore he prays judgment if the plaintiff ought to have his aforesaid action against him, etc.

"And for a further plea in this behalf, the defendant says that the plaintiff ought not to have or maintain his aforesaid action against him, the defendant, because he says that the several supposed causes of action in the said declaration mentioned are one and the same, to wit, the supposed cause of action in the said first count mentioned, and not different causes of action, and that the supposed promissory note in that count mentioned was executed and delivered by the defendant to the plaintiff, for money lost in gambling transactions on the board of trade, in the city of Chicago, in said county, in which gambling transactions the pretended property bought was not to be received, and the pretended property sold was not to be delivered, and that the difference gained or lost should be paid upon such transactions, and so the defendant says that the said supposed promissory note was made without any good or valuable consideration, and this the defendant is ready to verify, and wherefore he prays judgment if the said plaintiff ought to have or maintain his aforesaid action against him," etc.

If a man wants to leave his broker in the lurch on losses paid by him in following instructions, the plea setting up the defense of gambling must not be ambiguous.

The words "in which speculations it was mutually understood" are not in the language of pleading. They "fall

short of alleging a distinct and express contract between the parties." Black v. City of Columbia, 19 So. Car. 412; same point in Camp v. Waring, 25 Conn. 520.

Evidence which in common language might prove "mutually understood" does not justify the use of that phrase in pleading, which must be according to "legal effect and operation." Stephen Pl. 391.

And when was it "understood?" Before or after the broker—if the plaintiff below was a broker—had so engaged himself that he could not withdraw? And on the second plea, how can a court, with no circumstances stated, know that "transactions" are gambling?

"The pleas are * * * obnoxious for want of precision and accuracy, and are too uncertain and vague, both in form and substance, to entitle them to a favorable consideration." Wagy v. Lane, 3 Scam. 237.

The judgment is affirmed.