EDWARD E. WILSON ET AL. *vs.* EDWARD T. ROOT ET ALS.

Third Judicial District, New Haven, June Term, 1907.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

In construing the words of a contract regard should be paid to the subject-matter, the context and the intention of the parties; and in arriving at their intent, their situation and the circumstances connected with and surrounding the transaction should be considered.

An administrator, acting solely in his official capacity—as the intending purchasers knew—and without the knowledge of the heirs at law, agreed to sell and convey land which formed part of the intestate estate, "as soon as possible after estate is advertised and the deed can be given." *Held* that the obligation thus assumed was not an absolute one, to convey in any and all events, but one which contemplated a compliance with the statutory requirements (§ 353) and therefore was contingent upon the approval and order of the Court of Probate.

Having made a proper application for an order of sale, the administrator afterward learned that the price offered was far less than the

Wilson *v.* Root. ·

property was worth, and thereupon sought legal counsel and the guidance of the judge of probate as to his duty. *Held* that he was not thereby estopped from availing himself of the unfavorable action of the Court of Probate upon his application, since its presentation was all that could have been required of him under his contract, while in subsequently imparting the information he had received and in taking steps to protect the interests of the estate, he was but discharging his plain official duty.

Costs are discretionary with the trial court where legal and equitable claims are interwoven and the redress awarded is manifestly dictated by equitable considerations.

Submitted on briefs June 13th—decided July 30th, 1907.

ACTION for specific performance of an agreement to sell and convey real estate, or, in lieu thereof, for damages, brought to and tried by the Superior Court in New Haven County, *Gager, J.;* facts found and judgment rendered for the plaintiffs for $500, the amount which they had paid to the defendant Edward T. Root, and appeal by them. *No error.*

The defendant Root is the administrator of the estate of A. S. Blake, late of Waterbury, deceased, which is in process of settlement in the Waterbury Court of Probate. The defendants Ellen Hitchcock and Caroline B. Root are the sole heirs at law of said Blake. Included in the assets of said estate was and is a certain tract of land described in the complaint. In October, 1905, said Root, upon the solicitation of the plaintiffs' agent, negotiated with said agent and the plaintiffs for the sale to the plaintiffs of said land. The terms of the agreement reached were, on October 14th, put into writing and signed by said Root as administrator, as follows:—

"This agreement between E. T. Root, Adm., on the first part, and E. E. Wilson and F. E. Walters, on the second part.

"In consideration of $500 five hundred dollars, paid to me this 14th day of October, 1905, by said Wilson and Walters, I hereby agree to give a deed of the property formerly owned by A. S. Blake to said Wilson and Walters, bounded on the south side by West Main street: on the

west, by I. Holmes' estate : on the north, by I. Holmes' estate : and on the east, by the Naugatuck railroad, for the total sum of $30,000, $7,500 to be paid in cash, bal. in note : the deed to be given as soon as possible after estate is advertised and the deed can be given.

" E. T. ROOT, ADM."

At the time of the delivery of said contract the plaintiffs gave said Root a check for $500. At and before said time, the plaintiffs and their said agent all knew that said land formed a part of the estate of Blake; that Root was the administrator thereof, and was acting as such administrator; that his two codefendants were the sole heirs at law of Blake, and that an order of the Court of Probate authorizing Root to sell the land was necessary to enable him to do so, and that he could only give an administrator's deed; and the last clause of said contract was inserted in view of that understanding.

Said Root in all said negotiations and transactions acted without the authority, knowledge, or approval of either of the two heirs at law, who were each opposed to a sale. October 18th Root presented to the Court of Probate his application for authority to sell. Two days later information came to him that the property was worth much more than $30,000, and that a sale upon the terms agreed upon would work a great injustice to the heirs at law and the estate in his charge. He thereupon sought legal advice and the advice of the judge of probate as to his duty. He was told by his legal adviser that it was his duty to protect the interests of the estate and of the heirs, and by the judge of probate that there would have to be a new appraisal, and that if any heir objected to the sale the application would be denied. He thereupon communicated the facts to the heirs, and was instrumental, through his information and advice, in having their objection to the granting of the application for an order of sale presented to the Court of Probate at the hearing thereon, and at said hearing expressed to the court his opinion that the pro-

posed sale would not be for the best interest of the estate. The application was thereupon denied. On the same day Root wrote the plaintiffs notifying them of the action of the court, and enclosed his check for $500 in return of the amount which had been paid to him. This check the plaintiffs forthwith returned and insisted upon performance of the contract. They subsequently tendered the balance of the cash part of the agreed purchase price and the notes to Root and demanded a conveyance, all of which was refused.

Said land at the time of said transaction was and still is worth much more than $30,000, to wit, between $40,000 and $70,000, as the plaintiffs and their agent well knew, but said Root did not know ; and a conveyance upon the terms contained in said contract would have resulted in a great and irreparable injury to said estate and involved a substantial loss to the heirs at law. Said Root acted in good faith in his negotiations with the plaintiffs and their agent, and in the making of said contract.

The court rendered judgment for the plaintiffs to recover of the defendant Root said sum of $500, the same being in the hands of the clerk, and that the plaintiffs deliver up to said Root as administrator said contract for cancellation, and ordered that no costs should be taxed in favor of either party.

*John O'Neill*, for the appellants (plaintiffs).

*Charles G. Root*, for the appellees (defendants).

PRENTICE, J. The plaintiffs seek the specific performance of a contract to convey certain land belonging to the estate of A. S. Blake, late of Waterbury, deceased, which estate is now in the process of settlement in the Court of Probate ; or, failing in that, damages for the breach of said contract. This redress is sought against one Root, who is the administrator of said estate but sued in his individual capacity, and two other persons, who are the only heirs at

law of said deceased. The contract which is made the foundation of the action is one signed by said Root as administrator, and by him alone. The trial court having found against the allegation of the complaint that Root, in making said contract, acted as the agent of the two heirs at law, the plaintiffs expressly disclaimed before us all right to have either a specific performance or damages at the hands of these two defendants. There remains, therefore, to be considered, the rights to redress which the plaintiffs claimed to have by virtue of the contract, as one made by the defendant Root in some other capacity than as agent for his codefendants.

It is unnecessary to inquire as to what the results might have been had the contract been couched in unconditional terms providing for the vesting of the title to the property in question in the plaintiffs, since such was not the character of the contract he signed. His undertaking embodied the stipulation that the deed called for was "to be given as soon as possible after estate is advertised and the deed can be given." What did the parties intend by the insertion of this provision, and what significance did they intend for it in its relation to the other provisions with which it is associated? Contracts are to be construed according to the words used, the subject-matter, the context, and the intention of the parties. *Bigelow* v. *Benedict*, 6 Conn. 116, 121. In arriving at the intent of the parties, their situation and the circumstances connected with and surrounding the transaction should be considered. *Bartholomew* v. *Muzzy*, 61 Conn. 387, 393, 23 Atl. 604.

When the writing in question, embodying the undertaking of this defendant Root, was made, all the parties concerned in it knew that the property to which it related was a part of the estate of Blake, that Root was the administrator thereof and acting in the premises as such administrator, that his two codefendants were the sole heirs at law of said Blake, that an order of the Court of Probate was necessary to enable a conveyance to be made, and that the conveyance could be made by an adminis-

trator's deed only. Under such circumstances, the insertion in the contract of the stipulation recited assumes an obvious importance and conveys a declaration of the intention of the parties, not to be mistaken, that the obligation to convey was not one to convey in any and all events, but one which contemplated a compliance with the statutory requirements as a condition precedent. As that condition has not been satisfied, there has been no breach of the agreement.

The plaintiffs urge that as Root was instrumental in bringing about unfavorable action by the Court of Probate upon his application for an order of sale, he is personally estopped from availing himself of the fact that the condition precedent to his obligation to give title never came into existence.

This contention is unsound. He presented the matter to the Court of Probate for its determination and action. Thereafter the matter was out of his hands and he was powerless to control the issue. He did that which was required of him when the machinery of the court was put into motion. When that had been done the responsibility and the result rested with the court. In giving it such information and taking such steps as would safeguard the interests of the estate in his charge in the proceeding before the court, he was but doing his plain official duty. The absence of an order of sale was not chargeable to his wrong-doing, but was the result of judicial inquiry and adjudication.

The plaintiffs' brief suggests, in support of a personal liability, that Root was guilty of misrepresentation and fraud, in that he led the plaintiffs to the belief that he had the authority of the heirs at law to sell. The sufficient answer to this claim is found in the fact that he did not purport to contract for them, but for himself as representing the estate. The plaintiffs cannot go outside of the memorandum in writing to show a contract other than the one there stated. *Nichols* v. *Johnson*, 10 Conn. 192, 198.

The plaintiffs complain of the judgment of the court in

that no costs were awarded to them. They do not venture to assert that they were, in any broad view of the results of the case, the prevailing parties. But they say that they had judgment for $500, and that costs follow such a judgment as of right. The defendants had judgment under the prayer of their counterclaim, that the contract sued upon be delivered up to the defendant Root who signed it: the plaintiffs, one for the return to them of the money which they had paid under the contract and refused to receive when tendered back. The latter adjudication was plainly dictated by equitable considerations, and was incorporated into the redress given in the adjustment of the whole transaction before the court as a measure of equitable and not legal relief. At law a tender operates in this State as a bar. *Tracy* v. *Strong*, 2 Conn. 659, 662. "Costs in equity are always discretionary." *Hoyt* v. *Smith*, 28 Conn. 466, 472. The situation presented by the pleadings was, furthermore, within the provisions of § 196 (p. 55) of the Rules of Court.

There is no error.

In this opinion the other judges concurred.