WILLIAM G. SHAW, INDIVIDUALLY AND AS TRUSTEE, *vs.* ABRAM SPELKE ET AL.

Third Judicial District, New Haven, June Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued June 14th—decided November 7th, 1929.

*Charles S. Hamilton,* for the plaintiff in error.

*Matthew H. Kenealy,* with whom were *C. Milton Fessenden* and *Jackson Palmer,* and, on the brief, *Daniel E. Ryan,* for the defendants in error.

MALTBIE, J.  This is a writ of error brought to this court on the second Tuesday of April, 1929, to reverse a judgment of the Superior Court in Fairfield County rendered November 23d, 1927, in pursuance of a stipulation of the parties to the action entered into on that date, agreeing that judgment might be entered in accordance with a judgment-file attached thereto. The writ of error alleges that the judgment was entered on January 21st, 1927, but the copy of the record annexed

to the writ shows that the correct date is November 23d, 1927. The answer of the defendants in error denies that the record annexed to the writ is a true record and alleges that there was omitted therefrom the reply of the plaintiffs in that action (with two exhibits annexed thereto), as an exhibit annexed to the answer and the stipulation which was the basis for the consent judgment, and these pleadings and exhibits are annexed as exhibits to the answer of the defendants in error. It is not denied that these pleadings and exhibits, omitted from the copy of the record attached to the writ, are parts of the record and they will be so treated. The defendants deny that there is anything erroneous in the true record, and say that the plaintiff in error was not aggrieved by the judgment which was entered by his express consent and request.

The judgment here attacked was rendered in an action brought by the defendants in error against the plaintiff in error individually and as trustee to quiet their title to certain real property located in Norwalk. The complaint was in the usual form (Practice Book, p. 428, No. 245) used in actions to quiet title under the statute (General Statutes, § 5113), alleging simply that the plaintiffs were the owners of the land described, that the defendant claimed interests in it adverse to the plaintiffs' title and praying for a judgment determining the questions and disputes and settling the title to the property. Shaw, the defendant in that action, filed an answer containing two defenses. The first defense alleged that the premises described in the complaint were held by him as trustee of a certain trust primarily for the benefit of his children; that the purposes of the trust were endangered by the foreclosure of a certain judgment lien; that Spelke, one of the plaintiffs in that action, agreed to advance the money necessary to redeem the premises in process of fore-

closure and did so advance the sum of $20,219 and received a warranty deed of the premises executed by Shaw individually and as trustee, and a quitclaim deed of the same executed by the wife and children of Shaw, the beneficiaries of the trust; that at the same time Spelke executed a unilateral agreement reciting the conveyance of the property to him and granting to Shaw, in consideration of the prompt payment by the latter of interest on the purchase price of $20,219 and taxes on the property, an option to purchase the property for the sum of $30,219, such option to be exercised on or before July 15th, 1927, to which was annexed an affidavit by Shaw to the effect that the facts recited in the option were true and that the conveyance therein recited as made by himself as trustee and by his wife and children was an absolute conveyance in fact as well as in form; and further alleged that the parties did not intend the transaction to be one involving in fact an absolute conveyance of the property. The second defense alleged that Shaw did not intend to make an absolute conveyance of the premises to Spelke and protested against the form of the agreement, but was led on by the delays of the plaintiffs to a time so near the final law-day fixed in the foreclosure action that he could not withdraw from the transaction without allowing the title to the trust property to become absolute in the foreclosing lienor, and that he executed the affidavit under undue influence and economic pressure. He claimed that the instruments of conveyance of the property to Spelke were not intended to convey the fee, but were given as security only, and that as trustee he was still the rightful owner of the fee.

The plaintiffs in the original action filed a reply substantially admitting the allegations of the answer as to the execution of the conveyance of the property to Spelke, and the execution of the option to purchase,

and the affidavit annexed to it, and affirmatively alleging the facts in connection with the transaction, but denying that the instruments of conveyance were intended by the parties to operate as security for money advanced, and denying that the affidavit of Shaw was executed under duress. The reply also alleged that Shaw, since October 15th, 1926, had been in default in the payments required of him under the option agreement, and that on December 18th, 1926, he had filed in the office of the town clerk of Norwalk an instrument in the nature of a caveat setting forth his claim that the conveyance to Spelke was in the nature of security for the money advanced by him. No answer to this pleading was filed, and on November 23d, 1927, the parties executed a stipulation that the court might find the issues in the action in favor of the plaintiffs and enter judgment in accordance with a judgment-file attached to the stipulation. The judgment recites that the court, in accordance with the written stipulation of the parties signed and filed in court, finds the issues for the plaintiffs and that the plaintiffs have absolute title to the real estate described in fee simple (except certain portions that had been conveyed since the transfer of Spelke) and that Shaw as trustee has no estate or interest in the property, and that Shaw individually has only such interest therein as he acquired under the option to purchase set forth in the exhibit attached to the defendant's answer in the action. It further recited that Shaw, individually, was in default in respect to the payments due under the option, and was obligated thereunder to pay the plaintiffs $30,-771.46, before he became entitled to receive a conveyance of the premises and that upon the payment of that sum with interest, on or before June 1st, 1928, the plaintiffs should deliver to him a deed of the premises, but unless such payment was made on or before that

date all right on his part to receive a conveyance of the premises, and all his rights under the option agreement, should terminate.

The writ of error alleges that the court erred and mistook the law in that the judgment rendered is not predicated upon the allegations of the complaint. It says that the complaint is one brought under the statute to quiet and settle title to real estate, that the judgment is such a judgment as would be entered in a foreclosure proceeding, and that since the complaint contains no allegations appropriate to such an issue, the court had no jurisdiction to enter such a judgment. It is apparent that the action was brought as a result of the filing by Shaw of the caveat indicating that he made some claim of an interest in the land which he had previously conveyed to Spelke. The complaint did not attempt to state the nature of the defendant's claimed interest in the property, but that was done in the answer, and all the facts were then more fully and directly alleged in the plaintiffs' reply. Under these pleadings the issue was as to what interest, if any, Shaw individually, or as trustee, had in this property. The claim of the plaintiffs was that they held an absolute title in fee to the property by virtue of these instruments of conveyance and that Shaw's only rights were such as he had as an individual under his option to purchase, which he had forfeited by failure to comply with its terms. The claim of Shaw was that, while these instruments of conveyance were absolute in form, they were intended to be given as security for the money advanced by Spelke, and so constituted in legal effect a mortgage rather than an absolute conveyance, giving Shaw an equity of redemption in the property conveyed. While Shaw claimed that he had an equity of redemption in the property conveyed by him to Spelke he did not in his pleading ask for affirma-

tive relief by way of an opportunity to redeem the property upon payment of his alleged debt to Spelke. This he might have done. In *Foote* v. *Brown,* 78 Conn. 369, 62 Atl. 667, cited by the plaintiff in error, we called attention to the limited scope of the statutory action to settle and quiet title. Since then the statute has been amended (Public Acts of 1915, Chap. 174) and the amendment constitutes a "radical departure . . . from the legislative intention in framing the original Act." *Ackerman* v. *Union & New Haven Trust Co.,* 90 Conn. 63, 72, 73, 96 Atl. 149. It is now also provided by statute (Public Acts of 1921, Chap. 59) that in such action "the plaintiff may join several defendants and all causes of action relating to defects in the title to any property described in the complaint, claims against such property or affecting the title thereto, and incumbrances on such property." This is in accordance with our liberal policy under the Practice Act of permitting the litigation in one action of all claims arising out of the same transaction or transactions connected with the same subject of action. General Statutes, § 5636. Clearly the trial court had jurisdiction both of the parties and the subject-matter, and the contention of the plaintiff in error that the judgment of the court was outside of its jurisdiction is without merit. The question is not one of jurisdiction, but whether the court erred in rendering a judgment which was not supported by the pleadings. The rule is too well established to require citation of authority that a judgment based upon facts found by the trial court but not involved in the issues raised by the pleadings is erroneous. A party litigant is only entitled to such relief as he claims in his pleadings. The plaintiff in error is here complaining because the trial court gave him the relief which his pleadings indicated he was entitled to but which he did not therein specifically

claim. He did, however, formally request the court to grant him just that relief in the written stipulation and request for judgment, and now assigns as error the action of the court in granting his request. If the court erred in the rendition of a judgment based upon facts not involved in the issues raised by the pleadings, and in granting relief not therein claimed, such error could ordinarily form no ground for reversal at the suit of the party who procured it. He would be estopped from convicting the trial court of an error which he requested it to commit. *Francisco v. Chicago & A. R. Co.,* 149 Fed. 354. A judgment by consent is in effect an admission by the parties that the decree is a just determination of their rights on the real facts of the case had they been found. It is ordinarily absolutely conclusive between the parties and cannot be appealed from or reviewed on a writ of error. *Sidney Novelty Co. v. Hanlon,* 79 Conn. 79, 63 Atl. 727; 2 Ruling Case Law, 31, 59; 3 Corpus Juris, 671. The plaintiff in error could not, if this was all there was to the case, fairly claim to be aggrieved by the judgment entered by his own procurement.

The situation confronting the court in this action was not, however, the usual one. The defendants in error brought the action to quiet the title to the property against the plaintiff in error as an individual and as trustee and he signed the stipulation for judgment in both capacities. Prior to the conveyance to the defendants in error he held the property as trustee of an express trust, of the terms of which, by virtue of our decision in *McLoughlin v. Shaw,* 95 Conn. 102, 111 Atl. 62, we take judicial notice. Under the option given by the defendants in error to the plaintiff in error, the right to purchase the property was given to him individually. This right the judgment, by virtue of the stipulation, has confirmed in him. If it stands,

upon payment of the amount specified in it, title to the property will vest in him individually. The result will be that the plaintiff in error by virtue of these proceedings will acquire as his own property which formerly he held as trustee. That result was made possible by quitclaim deeds executed by the beneficiaries under the trust to Spelke. The judgment in effect puts its stamp of approval upon a transaction by which a trustee has acquired as his own the corpus of the trust, freed of all his obligations to the beneficiaries under it. The law looks askance at every transaction between a trustee and the beneficiaries of the trust and places upon the trustee the burden to show its fairness and equity. *State* v. *Culhane,* 78 Conn. 622, 628, 63 Atl. 636. The beneficiaries under the trust before us were not parties to the action to quiet title; so far as appears they knew nothing of the terms of the option given to the plaintiff in error. When the trial court accepted the stipulation for judgment, without inquiry and in their absence, it in effect freed the plaintiff in error from the obligation resting upon him in law to justify his acquisition of the property as fair, equitable and lawful, in view of the rights of the beneficiaries. Courts are and should be solicitous to protect the rights of beneficiaries under trust agreements. In the instant case the trial court, before accepting the stipulation for judgment, should have required that the beneficiaries whose rights it was proposed to cut off should be made parties to the action and should have called upon the trustee to show his right in equity and fairness to acquire the property in his individual capacity.

It is true that complaint as to the judgment does not sound well in his mouth, in view of the fact that he stipulated for its entry, and the whole course of the transaction as it appears from the files of this court and

of the Superior Court suggests that solicitude on his part for the rights of the beneficiaries is not the whole motive for bringing the present proceeding. But their interests are of greater consequence than his motive. And his stipulation for judgment does not, under the peculiar facts of this case, forbid his raising the present question as trustee. *Wilson* v. *Root,* 80 Conn. 227, 232, 67 Atl. 482.

There is error, the judgment of the Superior Court is set aside and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.