JOHN FERRARA
vs.
CLIFTON WRIGHT HAT CO., ET AL.

Superior Court　　　　Fairfield County　　　　File #53595

MEMORANDUM FILED AUGUST 8, 1938.　　　125 Conn. 140

Lazarus S. Heyman, of Danbury, for the Plaintiff.

Marsh, Stoddard & Day, of Bridgeport, for the Defendants.

DICKENSON, J. The defendants raise several objections to the allowance of the appeal. They have considered it on its merits, however, and since it must be dismissed upon this ground, it seems unnecessary to discuss the others.

The reasons of appeal are that the Commissioner's conclusions are not supported by the subordinate facts found, which, in fact, support the plaintiff's claims; and, somewhat inconsistently, that the subordinate facts are too vague to support any conclusion. The plaintiff claims error, too, in the refusal to find certain facts alleged to be admitted or undisputed.

The original claim of the plaintiff was that he suffered from a dermatitis as a result of working in the wetting down department of the defendant, and upon a hearing compensation was ordered paid to January 29, 1937. A motion for further compensation was made, which was heard and denied May 21, 1937, the Commissioner finding that the claimant was able to work since January 29, 1937.

The only evidence submitted at the hearing of May 21, 1937, was that of the plaintiff. When compensation was

denied the plaintiff asked for a correction of the original finding, which was granted in part and otherwise denied.

That denial was properly so upon the evidence or lack of it. As the respondent argues, no evidence was introduced to indicate the nature of the chemicals to which the plaintiff was exposed in his work. He himself testified he could do any job in a hat shop if he could get it, as well as outside work, and there was no evidence that his earning capacity was impaired.

The plaintiff argues that he cannot work at his employment as a hatter; that is the only work he knows and he has been unable to get any other work and thus is entitled to compensation. It does not appear he cannot work as a hatter. At most he was unable to work as a wetter. As has been pointed out, he testified he could do any job in the hatting trade, but could get no job. He cites *Santini vs. Levin,* 110 Conn. 248, in support of his contention. But in that case the claimant had gone to work on another job and there was evidence as to difference in earning power. In the instant case it appears the plaintiff is able and willing to work but has not obtained it. There is no finding, nor evidence to support it, that this is because of his physical condition. To hold that an employer must indefinitely and wholly compensate an employee who may be physically unable to perform a particular job when he is physically capable of performing other work but unable to secure it is to carry the theory of compensation beyond reasonable limits. Inability to get work is only important as evidence of incapacity for work. To bear on the question of compensation it must appear the inability to obtain employment is "by reason of his injury." *Reilley vs. Carroll,* 110 Conn. 212, 286.

It might be that evidence of the reasonable compensation for work that he could do, was it available, might entitle him to the difference between that and what he had earned if it was in his favor, but to require an employer to pay full compensation for no apparent reason except "slackness in demand for labor" would be going into the field of employment insurance rather than workmen's compensation.

The Commissioner had no evidence before him as to what the plaintiff's earning power was. The plaintiff definitely stated he could work at various jobs. He offered no evidence that his failure to obtain other work arose from his injury

There was nothing left for the Commissioner to do but to deny compensation "on the ground the claimant has been able to work since January 29, 1937, and is now able to work."

The appeal is dismissed.